# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARAGON ENGINEERING SERVICES, INC., | : | Civil No. 4:24-CV-312 |
| | : | |
| Plaintiffs, | : (Judge Neary) |
| | : | |
| v. | : (Chief Magistrate Judge Bloom) |
| | : | |
| PROVIDENCE ENGINEERING CORPORATION, et al, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this 24th day of March 2025, following the filing of letters related to this Court's previous order by plaintiff Paragon Engineering (Docs. 80, 87, 91, 95) and defendants Vaughn Silar, Kimberly Silar, Bluewater Project Management, LLC, Bluewater Engineering (collectively "The Silar defendants") (Docs. 83, 89), the Court, finding it necessary to clarify its previous order, HEREBY ORDERS THAT:

1. The Silar defendants will furnish a new list of all technical drawings taken by Vaughn Silar from Paragon. That list will:

   a. Include no item that is not a technical drawing;

b. Identify all technical drawings that were the property of, or in possession by, Paragon;

c. For each technical drawing, identify the name of the associated project it was produced for or used with;

d. For each technical drawing, identify the year that the associated project commenced;

e. For any technical drawing whose project or name are unknown, identify that status in the name of the specific drawing. (E.G. "Technical Drawing – unknown project – unknown year.")

f. This list should be furnished to Paragon by **April 3, 2025.**

2. Mr. Vaughn G. Silar is again directed to make a legitimate and good-faith search of his own records and materials in an effort to identify possible "derivative works" from Paragon's technical drawings or other intellectual properties.

> a. The Court now orders that an affidavit, laying out in specific detail what methods were used to conduct this search, be filed before **April 3, 2025.**[1]

To the extent Paragon requested a discovery conference or hearing to discuss this issue, that request is denied.

If the parties have further questions about interpreting the court's orders, they are invited to contact chambers. To the extent that the parties have other discovery related disputes presently on this docket, they are not ruled upon here.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge

---

[1] Failure to demonstrate a good faith effort to comply may result in sanctions, including, but not limited to: an order to turn over certain files for Paragon to review first-hand, permitting adverse inferences at trial, and fines, including plaintiff's attorneys fees incurred in disputing this issue.