IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARAGON ENGINEERING SERVICES, INC., Plaintiff | : | CIVIL ACTION NO. 1:24-CV-312 |
| v. | : | (Judge Neary) |
| PROVIDENCE ENGINEERING CORPORATION, et al., Defendants | : | |

## MEMORANDUM

This matter comes before the court upon the Report and Recommendation ("R&R") of Magistrate Judge Carlson (Doc. 175) in which he recommends the parties' cross-motions for summary judgment (Docs. 124-126) be denied. Certain defendants entered objections to this R&R (Doc. 176), the plaintiff submitted a brief in opposition to those objections (Doc. 179), and the defendants replied to that opposition brief. (Doc. 179). The matter is therefore fully briefed and ripe for resolution. After careful consideration, the court will adopt the R&R for the reasons that follow.

This litigation involves multiple corporate legal issues stemming from disagreements between plaintiff Paragon Engineering, Inc. (hereinafter "Paragon") and its corporate partners, employees, and competitors. (Doc. 19 at 2-6). In brief, Paragon alleges the defendant's misappropriated trade secrets and intellectual property, attempted to pass off Paragon's work product as their own, infringed on its copywritten materials, and violated restricted covenants, all resulting in financial harm to Paragon. (Id ¶ 33).

The parties made cross-motions for summary judgement. (See Docs. 124, 125, 126). Judge Carlson then reviewed the motions, and recommended the motions be denied in part and granted in part. (Doc. 175). Defendants Providence Engineering Corporation, Rebecca Thompson, David Bernhardt, Tina Bernhardt, and Leslie Friedman objected to portions of the R&R, arguing the claims against Tina Bernhardt and Leslie Friedman should be dismissed. (Doc. 176). In reviewing Judge Carlson's R&R, the uncontested conclusions will be afforded "reasoned consideration" by this court. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (citations omitted). The remaining contested allegations will be reviewed *de novo*. Id.

**The Uncontested Conclusions**

Judge Carlson's characteristically thoughtful R&R makes clear this case is generally a poor fit for summary judgment, as the parties disagree on a wealth of highly material facts. Recognizing these factual disagreements, the parties have not contested the majority of Judge Carlson's findings, denying summary judgement in part and granting it in part.

Several claims here involve a question of an actor's motivation, knowledge, or intent. Unsurprisingly, the parties disagree on such facts. Regarding counts I and II, alleging misappropriation of trade secrets, the parties disagree as to whether the agreed upon disclosed documents amounted to a breach of confidence. (Docs. 136 ¶¶ 20-21, 151 ¶¶ 20-21). A breach of confidence is an essential element of these claims. Harry Miller Corp. v. Mancuso Chemicals Ltd., 469 F. Supp. 2d 303, 311–12

(E.D. Pa. 2007). That disagreement therefore bars summary judgment on these claims.

Count VI, tortious interference with contracts, has an essential element of "purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring." Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC, 13 F. Supp. 3d 465, 479 (E.D. Pa 2014). The parties plainly disagree this was the reason for the relevant employees' departure. (Docs. 134 at ¶¶ 68-81, Doc. 150 at ¶¶ 68-81). This dispute precludes summary judgment on count VI.

Counts III and IV relate to the Lanham act and allege various defendants violated that act by "passing off" (misrepresented work done by Paragon as work done by defendants) and "reverse passing off" (misrepresented work done by defendants as work done by Paragon). The Lanham Act provides that actions which create the "likelihood of confusion" can violative the act. See 15 U.S.C. § 1125 (a)(1)(A). Precedent establishes that "passing off" or "reverse passing off" can lead to a likelihood of confusion. See Dille Fam. Tr. v. Nowlan Fam. Tr., 207 F. Supp. 3d 535, 545 (E.D. Pa. 2016). Precedent also dictates that in a trademark case, "likelihood of confusion" is a factual determination. A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 166 F.3d 197, 206–07 (3d Cir. 1999). A court may consider at least ten different factors in determining likelihood of confusion. Qwest Commc'ns Int'l v. Cyber-Quest, Inc., 124 F. Supp. 2d 297, 302 (M.D. Pa. 2000). Here, we need not weigh all those factors, as the factual disagreement in this area is apparent: Paragon argues

the defendants carelessly or intentionally misused their trademarks by recreating Paragon's technical drawings. (Doc. 139 ¶¶ 30-36). The defendants deny these claims identify any wrongdoing. (Doc. 149 ¶¶ 30-36). That factual dispute clearly prohibits summary judgment for any party on these claims.

As to count V, alleging copyright infringement, the defendants argue it is brought outside the statute of limitations, and further argue that, even accounting for time tolled by the discovery rule, the time to bring this claim expired. But the parties plainly dispute when Paragon knew or should have known about this potential claim, and so disagree as to when tolling under the discovery rule ended. (See Docs. 135 at 27-29, 152 at 15-18). That is a factual dispute, inapt for summary judgment.

Counts VII, VIII and X all relate to tortious interference with contracts. The court concurs with Judge Carlson that the defendants have not shown enough to succeed on their asserted affirmative defense of unenforceability at this phase, as a non-compete agreement in the context of the change in ownership at Paragon during which time high-level employees were leaving the company and following Vaughn Silar (Paragon's former owner and defendant in this action) to a competitor appears to have been "reasonably necessary for the protection of the employer." WMI Grp., Inc v. Fox, 109 A.3d 740, 748-49 (Pa. Super. 2015). The remaining question for counts VII and VIII is if the non-competes were violated, and the parties plainly disagree on that with respect to both counts. (Docs. 139 ¶¶ 41, 82, 149 ¶¶ 41, 82). The disagreement on these material facts bars summary judgment on these counts.

Count IX is an allegation of civil conspiracy. Paragon did not seek summary judgment on this count. Defendants did, on the theory that all of Paragon's tort claims should be subject to summary judgment and therefore the civil conspiracy must fail for want of an underlying violation to conspire towards. (Doc. 135 at 42-43). Given the court's conclusions, above, that the tort claims are not subject to summary judgment, this argument plainly fails, and summary judgment shall not issue as to Count IX.

Counts X, XI, and XII are the three exceptions to the broad denial of summary judgements due to the parties' disagreement on the material facts. Count X alleges a breach of contract by defendant Vaughn Silar with regards to his work for "Thynk Design LLC". (Doc. 19 ¶¶ 326-339). Silar does not dispute the contract existed and was enforceable, nor that this work breached the contract. (Doc. 153 at 25). Silar argues there were no damages from this breach, but that is irrelevant at this stage. Summary judgment in Paragon's favor is appropriate on this count. Count XI is brought in the alternative to Count X, and so falls by the wayside with the conclusion that Silar is liable on Count X. Count XII has been voluntarily withdrawn and needs no consideration. (Doc. 115 at ECF 2).

Having applied reasoned consideration to all of the counts alleged to be fit for summary judgment, the court concludes the uncontested conclusions in Judge Carlson's R&R shall be adopted without exception.

**The Contested Conclusions**

The Providence defendants raise two objections. The first alleges all claims against defendant Tina Bernhardt should have been dismissed by granting summary judgement, the second alleges the same as to defendant Leslie Friedman. (Doc. 176).

The objection as to Bernhardt is three pronged. Providence argues that (1) there are insufficient facts alleged to support Bernhardt's liability as the only allegations against her are that she "received emails"; (2) Bernhardt did not know Thompson or Friedman until they started working at Providence, and so cannot be liable for wrongdoing with regard to their hiring, and; (3) Paragon's allegations of damages fail to identify specific loss amounts attributable to Bernhardt. (Doc. 176 at 2-5).

First, the parties clearly disagree that Bernhardt merely "received emails." While the defendants aver this was Bernhardt's only involvement, Paragon formally denied that statement of fact and alleged she, as project manager, oversaw much of the alleged inappropriate conduct in this matter. (See Docs. 136 at ¶ 64 and 151 at ¶ 64; see also Doc. 178 at 2-6). The fact of Bernhardt's level of involvement is therefore disputed, and the court will not grant summary judgment on this basis.

Second, the (apparently undisputed) fact that Bernhardt did not know Ms. Thompson or Friedman before her employment at Providence does not necessarily disprove her involvement in the alleged tortious interference with contracts here. Presumably, Providence believes this fact entitles Bernhardt to summary judgment on count VI, tortious interference with contracts as to Friedman and Thompson's non-

compete agreements. (See Doc. 19 ¶¶ 297-301). But the parties disagree about the potential violations of those non-competes, and Paragon alleges that violative work occurred which was unrelated to the hiring of Friedman or Thompson. (See Docs. 136 ¶¶ 40-44; 151 ¶¶ 40-44). That dispute prevents summary judgment here.

The third issue appears to be the principal grounds for the defendants' objection. Defendants argue damages need to be specifically attributable in sum certain (or, at least, a reasonable estimation thereof) to each individual defendant. Defendants cite no authority for this proposition. (See Docs. 176, 178). Nor do they engage with Judge Carlson's conclusion: "Paragon's damages assessment rests upon notions of joint, several and collective responsibility." (Doc. 175 at 18).

Instead, the argument for summary judgment here is factual, and succinct enough to be reproduced here more or less in its entirety:

> Plaintiff has advanced two expert reports. One expert report is directed to the Silar Defendants. Doc. No. 136, Ex. A. This expert report concerns damages pertaining to telecommunications. The second expert report is directed to the Providence Defendants. Doc. No. 136, Ex. B. The expert report directed to Providence concerns mechanical engineering. There are no facts suggesting that Ms. Bernhardt had anything whatsoever to do with mechanical engineering. Therefore, she could not have caused any damages associated with mechanical engineering.

Doc. 176 at 3.

Put another way, defendants argue because Bernhardt is not a "Silar defendant" she cannot be liable for damages in the first report, and because she is not a mechanical engineer, she cannot be liable for damages in the second report, *ipso facto*, she cannot be liable for damages at all and should be dismissed. Were those characterizations of

the damages reports undisputed, the argument might have some force. But those characterizations are disputed.

Paragon responds this argument is an oversimplification of the damages reports. Paragon argues the field of telecommunications encompasses many types of engineering work, and the Silar Defendants report is more accurately characterized as measuring damages by all defendants in concert related to telecommunications projects, that Bernhardt was involved in actions related to some of those projects, and for all those reasons a reasonable juror could find her liable in part for the damages in either or both reports. (Doc. 178 at 10-13).

We need go no further. This is an apparent factual dispute as to Bernhardt's involvement in the actions leading to the damages calculated in both reports. One side says she was not involved in those actions, the other says she was. Based upon the record at this stage of the case, the court is unable to discern which factual assertion prevails, therefore, summary judgment is not appropriate.

As for Ms. Friedman, her objection asks the court to grant her summary judgment and dismiss all counts, on the basis of the same damages argument discussed above. As Providence eloquently explained: "[o]bviously, the same damage analysis that applies to Ms. Bernhardt also applies to Ms. Friedman." (Doc. 179 at 6, n. 4). The court agrees, and so will deny summary judgment as to Ms. Friedman on the same basis of disputed underlying material facts.

For all these reasons, the court will deny the objections and adopt Judge Carlson's R&R in its entirety.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania